

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-4515
Re: What is the minimum salary and
what is the maximum salary that
the Commissioners' Court can
legally set for the county judge
for the year 1942, and related
questions?

　　　　Your letter of April 2, 1942, requesting the opin-
ion of this department on the questions stated therein reads
as follows:

　　　　"The population of San Patricio County
according to the 1930 census was 25,846 and
the population according to the 1940 census
is 28,871.

　　　　"The fees of office earned by the County
Judge of San Patricio County for the year 1935
were as follows:

| | | |
|---|---|---|
| "Total fees earned | | $ 662.53 |
| Ex-Officio salary paid | | 1999.92 |
| "Total | | $ 2662.45 |
| Authorized Deductions (Art 3899) | | |
| Bond Premium | | 7.50 |
| "Net Total | | 2654.95 |

"Questions:
"1. Is or, is not the difference between
$2654.95 and $2400.00 excess fees of office?

"2. What is the minimum salary and what is the
maximum salary that the Commissioners Court

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

can set for this officer for the year
1942?

"3.  Would this County had to have had 25001
or more population in 1935 in order to
be governed by the provisions of Art.
3883 P. 2 and Art. 3891 P. 2 now?"

Article 3883, Vernon's Annotated Civil Statutes,
provides in part:

"Except as otherwise provided in this
Act, the annual fees that may be retained by
precinct, county and district officers men-
tioned in this Article shall be as follows:

"1.  In counties containing twenty five
(25,000) thousand or less inhabitants:  County
Judge, District or Criminal District Attorney,
Sheriff, County Clerk, County Attorney, Dis-
trict Clerk, Tax Collector, Tax Assessor, or
the Assessor and Collector of Taxes, Twenty-
four Hundred ($2400.00) Dollars each; . . ."

Article 3891, Vernon's Annotated Civil Statutes,
provides in part:

"Each officer named in this Chapter shall
first out of the current fees of his office
pay or be paid the amount allowed him under
the provisions of Article 3883½ together with
the salaries of his assistants and deputies,
and authorized expenses under Article 3899,
and the amount necessary to cover costs of
premium on whatever surety bond may be requir-
ed by law.  If the current fees of such office
collected in any year be more than the amount
needed to pay the amounts above specified,
same shall be deemed excess fees, and shall
be disposed of in the manner hereinafter pro-
vided.

"In counties containing twenty-five thou-
sand (25,000) or less inhabitants, District
and County officers named herein shall retain
one-third of such excess fees until such one-

third, together with the amounts specified
in Article 3883, amounts to Three Thousand
Dollars ($3,000). . . ."

Article 3912e, Section 13, Vernon's Annotated
Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties
having a population of twenty thousand
(20,000) inhabitants or more, and less than
one hundred and ninety thousand (190,000)
inhabitants according to the last preceding
Federal Census, is hereby authorized and it
shall be its duty to fix the salaries of
all the following named officers, to-wit:
sheriff, assessor and collector of taxes,
county judge, county attorney, including
criminal district attorneys and county at-
torneys who perform the duties of district
attorneys, district clerk, county clerk,
treasurer, hide and animal inspector. Each
of said officers shall be paid in money an
annual salary in twelve (12) equal install-
ments of not less than the total sum earned
as compensation by him in his official capa-
city for the fiscal year 1935, and not more
than the maximum amount allowed such officer
under laws existing on August 24, 1935; . . ."

On August 24, 1935, the population of San Patricio
County, Texas, according to the then last preceding Federal
Census of 1930 was 23,846 inhabitants, and at that time the
maximum amount which the county judge was entitled to under
Article 3883 and Article 3891, Vernon's Annotated Civil Stat-
utes, was the sum of $3,000.00 per year.

Under the facts stated in your letter, the total
amount of fees earned by the county judge for the year 1935
was $662.53 and an ex officio salary of $1,999.92 was paid
to the county judge for that year making a total of $2,662.45.

Article 3895, Vernon's Annotated Civil Statutes,
prohibits the Commissioners' Court from allowing compensation
for ex officio services to county officers where the compen-
sation and excess fees which they are allowed to retain shall
reach the maximum provided for, but provides that where the
compensation and excess fees do not reach such maximum, the

court shall allow compensation if in their judgment it is nec-
essary. This provision itself authorizes an allowance for
ex officio services within the limitation stated; payment
need not be authorized by some other statute. (Veltman v.
Slator, 217 S. W. 878; Texas Jurisprudence, Volume 34, page
546) The above mentioned statute (Article 3895) authorizes
the Commissioners' Court to allow an officer compensation
for ex officio services provided that such compensation, to-
gether with the fees retained by him under the preceding
sections (Article 3883 and Article 3891, supra) does not
amount to more than the limit fixed by them. The compensa-
tion so allowed is not to be regarded as excess fees of which
the officer can receive only one-third, where his total
compensation, including such allowances, is less than the
prescribed limit. (Anderson County v. Hopkins, 187 S. W.
1019; Texas Jurisprudence, Volume 34, page 547)

In view of the foregoing authorities and the facts
stated in your letter, we answer the first question stated
above in the negative.

In reply to your second question, you are advised
that the minimum salary of the county judge for the year
1942 is $2,662.45, and the maximum salary that the Commis-
sioners' Court can legally set for the county judge for the
year 1942 is $5,000.00.

In connection with the foregoing, we call your
attention to the case of Nacogdoches County v. Winder, 140
S. W. (2d) 972 (writ refused), referring to Section 13 of
Article 3912e and Article 3891, Vernon's Annotated Civil
Statutes, where it was said:

"Under the statutes the salary of the
county clerk of Nacogdoches County was govern-
ed by the minimum salary earned in 1935, and
the maximum salary of $3500.00."

With reference to the third question stated above,
in view of the above mentioned authorities and the facts
stated, we respectfully answer the same in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:GO